UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

CHRISTIEN D. MARTIN,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:24-cv-206

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.63.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because it is duplicative of a pending action that Plaintiff previously filed in this Court.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff's complaint is not a model of clarity; however, the events about which he complains appear to have occurred at various correctional facilities where Plaintiff was incarcerated over the past ten years. Plaintiff sues the MDOC and the following individuals: Governor Gretchen Whitmer; MDOC Director Heidi Washington; Warden John Christiansen; Correctional Officer (CO) Unknown

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Russo; CO Unknown MacDonald; CO Unknown Barnett; Prison Counselor (PC) Unknown Watters; CO Unknown Sweet; CO Unknown Christiansen; CO Unknown Long; Lieutenant Unknown Lynch; CO Unknown Boleski; Parole Board Member Timothy S. Flanagan; Parole Board Member Adrianne K. Van Langevelde; CO Unknown Moreno; CO Unknown Cane; CO Unknown Hoover; Unknown Part(y)(ies) #1, named as every CO dating back to 2014 "that has ever[] written [Plaintiff] a ticket"; Unknown Part(y)(ies) #2, named as every PC or Assistant Resident Unit Specialist "that had possession of [Plaintiff's] prison file"; Unknown Part(y)(ies) #3, named as "each Warden and Deputy Warden and staff at each facility [Plaintiff has] attended"; Unknown Part(y)(ies) #4, named as "all grievance coordinators that ha[ve] ever[] denied a grievance [Plaintiff has] written"; Unknown Part(y)(ies) #5, named as "all sergeants and lieutenants" involved in Plaintiff's tickets; Unknown Part(y)(ies) #6, named as "all Hearing Investigators that ha[d] a video hearing or in person hearing on each ticket"; Unknown Part(y)(ies) #7, named as "the correctional facilities administration"; Unknown Part(y)(ies) #8, named as "every inspector at every [MDOC] facility"; Unknown Part(y)(ies) #9, named as "every se[]curity officer or any staff in charge of head of security"; Unknown Part(y)(ies) #10, named as "all classification officers at every facility [Plaintiff] has attended"; Unknown Part(y)(ies) #11, named as all security classification members "at every facility [Plaintiff has] attended"; Unknown Part(y)(ies) #12, named as "medical [as] a whole[, including] all physicians and nurses and the company over them at each facility [Plaintiff has] attended"; Unknown Part(y)(ies) #13, named as "the Parole Board"; Unknown Part(y)(ies) #14, named as "Legislative Corrections Ombudsman"; Unknown Part(y)(ies) #15, named as all Deputy Wardens "at each facility [Plaintiff has] attended . . . in the past ten years"; Unknown Part(y)(ies) #16, named as all Assistant Deputy Wardens "at each facility [Plaintiff has] attended . . . in the past ten years"; Unknown Part(y)(ies) #17, named

as all Captains "at each facility [Plaintiff has] attended . . . in the past ten years"; Unknown Part(y)(ies) #18, named as all Health Unit Managers "at every facility in the [MDOC]"; Unknown Part(y)(ies) #19, named as all Resident Unit Managers "at every facility in the [MDOC]"; Unknown Part(y)(ies) #20, named as "all Housing Unit Administration Staff at every facility in the [MDOC]"; Unknown Part(y)(ies) #21, named as "every member in control of surveillance at every facility in the [MDOC]"; Unknown Part(y)(ies) #22, named as "every surveillance company that installed cameras in or on every [MDOC facility]"; Unknown Part(y)(ies) #23, named as "Saginaw Correctional Facility and all staff"; and Unknown Part(y)(ies) #24, named as "St. Louis Correctional Facility and all staff that works there now." (Compl., ECF No. 1, PageID.1–9.)

Plaintiff previously filed an essentially identical suit in this Court raising the same claims against the same parties and seeking the same relief. *See* Compl., *Martin v. MDOC et al.*, No. 1:24-cv-174 (W.D. Mich. Feb. 21, 2024), (ECF No. 1). Plaintiff's previously filed case remains pending in this Court.

**II.  Duplicative Filing**

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citations omitted). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,

342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that a complaint that merely repeats pending or previously litigated claims may be dismissed on PLRA screening as frivolous or malicious. *See, e.g.*, *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous when the complaint "merely repeats pending or previously litigated claims" (citations omitted)); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (finding that it is "malicious" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss a civil rights suit by a prison inmate where the suit was duplicative of facts and allegations made in a previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3–7 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g.*, *Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case).

Here, considering the substantial similarities between the legal claims and factual allegations in the present action and in Plaintiff's prior action, the Court concludes that the present

complaint is duplicative of Plaintiff's prior complaint in Action No. 1:24-cv-174 with regard to all of Plaintiff's claims. Therefore, pursuant to the Court's inherent power and the screening provisions of the PLRA, Plaintiff's complaint will be dismissed on the grounds that it is wholly duplicative and, therefore, legally frivolous.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed as legally frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 18, 2024                                /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       United States Magistrate Judge